**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILSON RAY JAMERSON, | * | |
| Reg. # 16098-064 | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | No. 2:10-cv-00132-SWW-JJV |
| | * | |
| T. C. OUTLAW, Warden, FCI- Forrest City | * | |
| | * | |
| Respondent. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing     Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is Mr. Jamerson's Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241.

## I.      BACKGROUND

Mr. Jamerson was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) and was sentenced to 80 months in the Bureau of Prisons (BOP).  (Doc. No. 1).   In the Judgment and Commitment Order, the district judge recommended that Mr. Jamerson "participate in the Residential Drug Abuse Program [RDAP] while incarcerated."[1]  According to Mr. Jamerson, he has now successfully completed RDAP.  (Doc. No. 1).

Mr. Jamerson states that after he completed RDAP, he was told by the RDAP coordinator "that due to having been convicted of an offense of either carrying, or use of firearms under 18 U.S.C. § 922(g), [P]etitioner was not eligible [*sic*] for a sentence reduction at the Director's decresion [*sic*]."  (Doc. No. 1).  Based on this response, Mr. Jamerson now argues that the "BOP's denial for early release was and is without articulating a rational decision to do so under the

---

[1]*See* United States District Court, Western District of Oklahoma, case number 5:05-cr-00235-L, Doc. No. 26.

requirements of APA 5 U.S.C. § 706(2)(A), and in doing so violated the Administrative Procedure Act [APA]." (*Id.*).

The Respondent asserts that Mr. Jamerson's argument has been foreclosed by the 2009 opinion of the United States Court of Appeals for the Eighth Circuit in *Gatewood v. Outlaw*, 560 F.3d 843 (8th Cir. 2009), *cert. denied*, 130 S.Ct. 490 (2009).

## II.    DISCUSSION

As Respondent correctly argues, Mr. Jamerson's claim, that the BOP violated the APA by failing to articulate a rational decision for denial of a sentence reduction after successful completion of RDAP, must be denied according to the precedent established in *Gatewood v. Outlaw*. *Id.*

Gatewood was convicted of being a felon in possession of a firearm and was sentenced to the BOP. *Gatewood*, 560 F.3d at 844. While serving his sentence, he successfully completed the 500-hour RDAP and then sought the discretionary sentence reduction which the BOP may grant under 18 U.S.C. § 3621(e)(2)(B).[2] *Id.* The BOP denied his request, citing "its regulation declaring an inmate convicted of a felony firearm possession ineligible for that relief, 28 C.F.R. § 550.58(a)(1)(vi)(B), a regulation the Supreme Court held to be a reasonable exercise of the agency's statutory discretion in *Lopez . . .*"[3] *Id.*

Gatewood then filed a petition for writ of habeas corpus, arguing that the regulation was

---

[2]18 U.S.C.A. § 3621(e)(2) (B) states:  Period of custody.**--**The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

[3]The relevant portion of 28 C.F.R. § 550.58(a)(1)(vi)(B) is now found in 28 C.F.R. § 550.55(b)(5)(ii), which states: "Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release - - Inmates who have a current felony conviction for an offense that involved the carrying, possession, or use of any firearm or other dangerous weapon or explosives."

invalid because "the BOP failed to articulate an adequate rationale in the administrative record." *Gatewood*, 560 F.3d at 844.  The United States Court of Appeals for the Eighth Circuit found that the BOP's regulation must be reviewed under § 706(2)(A) and "upheld, if at all, on the basis articulated by the agency itself."  *Id*. at 847 (citation omitted).  In reviewing the policy, the court upheld the BOP's rationale in prohibiting those convicted of being a felon in possession from receiving a sentence reduction by stating:

> Here, the BOP has consistently sought to implement the same substantive policy in the face of continued judicial resistance.  In these circumstances, it is appropriate to discern the reasons for the agency's final rule from the various prior interim rules, Program Statements, and litigation positions reflecting that consistent policy. The Supreme Court discerned that public safety was the basis for the BOP's exclusion of firearm offenders and concluded that the agency's rule was *substantively* reasonable in *Lopez* []. That, we conclude, is all 5 U.S.C. §§ 553(c) and 706(2)(A) required.

*Id.*

While Mr. Jamerson presents a well-reasoned argument, the *Gatewood* decision forecloses the possibility of relief in this case; therefore, his Petition must be dismissed.  While the law requires dismissal of this case, Petitioner is credited for completion of the intensive RDAP program and his very positive efforts toward rehabilitation.

## III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.      Mr. Jamerson's Petition be DISMISSED with prejudice and all pending motions be denied as moot.

DATED this 22nd day of October, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE